WILLIAM KIEFER AND OTHERS, RESPONDENTS, *v.* DANIEL
WEBSTER AND OTHERS, APPELLANTS.

*Attachment — affidavit for — statement of cause of action in.*

Where an affidavit, upon an application for an attachment, alleges that "the
defendants are indebted to us, the plaintiffs, in the sum of $3,260.85, for goods
sold and delivered, for which they have promised but failed to pay," it
sufficiently states a cause of action. If the goods were not payable on delivery,
but were sold on credit, it rests upon the defendant to show such ·to be the
case; it is not necessary for the plaintiff to deny that it is so in his affidavit.

APPEAL from order made at the Special Term, denying a
motion to vacate an attachment issued in this action.

*Ulman, Remington & Porter*, for the appellants.

*Blumenstiel & Ascher*, for the respondents.

BRADY, J.:

The affidavit on which the attachment was issued in this case is
inartistically drawn, and subject to such criticism as to provoke
the conviction, at first blush, perhaps, that it is not sufficient for the
purpose ; but a careful examination of .its contents works a differ-
ent result. The statements contained in it amount to this, namely :
" The defendants are indebted to us, the plaintiffs, in the sum of
$3,260.85, for goods sold and delivered, for which they have
promised, but failed to pay." The amount of the claim is stated,
therefore, and the grounds upon which it rests, to wit, goods sold
and delivered. It is true that it does not state that the goods were
to be paid for on delivery. It does not disclose the precise nature
of the contract, but, in general terms, shows the character of the
claim and its amount, specifically. It does not, therefore, state
conclusions merely, but facts, of which a certain conclusion must
be predicated, namely, that a cause of action exists against the
defendants, in favor of the plaintiffs. If the facts set out justify
this conclusion, then the necessary elements are present to warrant
the granting of the process. It cannot be questioned that the

delivery of the merchandise, as stated, at prices agreed upon, created, at once, the obligation to pay such prices, and the cause of action arose without reference to the promise to pay. If the goods were sold on a credit which had not expired, it would be a complete answer to the existence of the cause of action averred. If we should demand a more elaborate statement, such, indeed, as would include matters more properly for an answer, it would be necessary to anticipate and overcome subjects of defense, which would require no proof from the plaintiff at the trial, upon an issue framed. If, for example, upon that occasion, it were proved that the plaintiffs sold and delivered to the defendants goods at prices agreed upon, the former would be entitled to a verdict, unless the defendants sustained some good defense, properly interposed. The plaintiffs could rest upon such evidence, and challenge the defendants to respond. The affidavit states a cause of action existing; specifies the amount of the claim and the grounds thereof, and is, therefore, sufficient. The order appealed from should, for these reasons, be affirmed, with ten dollars costs and disbursements.

Donohue, J., concurred.

Order affirmed, with ten dollars costs, and disbursements.